UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEM LLC, <br><br> Plaintiff, <br><br> v. <br><br> BIGCOMMERCE, INC., <br><br> Defendant. | Case No. 18-cv-05978-SI <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND DISMISSING ACTION WITH PREJUDICE** <br><br> Re: Dkt. Nos. 120, 121 |

On January 11, 2019, the Court heard argument on the parties' motions to enforce a March 27, 2018 settlement agreement.[1] Having considered the arguments of the parties and the papers submitted, the Court rules as follows.

**BACKGROUND**

Plaintiff Diem LLC is a Delaware company with its principal place of business in Dover, Delaware. Dkt. No. 1. Defendant Big Commerce is a Texas corporation with its principal place of business in Austin, Texas. *Id.* The parties commenced litigation in the Eastern District of Texas on March 27, 2017.[2] *Id.* Plaintiff claimed defendant infringed its U.S. Patent No. 7,770,122 (the '122 Patent), entitled "Codeless Dynamic Websites Including General Facilities." *Id.*

---

[1] The parties have filed cross-motions to enforce the settlement. The Court will construe plaintiff's motion (Dkt. No. 121) as an opposition to defendant's motion (Dkt. No. 120).

[2] The case was transferred to the Northern District of California on September 28, 2018.

The parties entered into a settlement agreement on March 27, 2018, through which the parties selected the disposition of defendant's then still-pending summary judgment motion as the determinative event. The parties stipulated that if the court's ruling stated plaintiff Diem had disclosed a theory of joint infringement in its original July 11, 2017 infringement contentions, defendant BigCommerce would pay Diem a lump sum of $30,000. If the court ruled plaintiff had not disclosed a theory of joint infringement, no payment would occur. The Eastern District of Texas denied defendant's motion for summary judgment as moot on May 3, 2017. The court did not address whether Diem had disclosed joint infringement in its original infringement contentions, noting that "[w]hether or not Diem initially disclosed such a theory or limited its case to a single-actors theory is mooted by the service of amended contentions and the parties' immediate knowledge that this case must proceed on a theory of joint infringement after the Court's claim construction ruling." Dkt. No. 74 at 2.[3] As a result, the parties filed the instant motions in this Court.

**DISCUSSION**

Under California law, settlement agreements are governed by general principles of contract law. *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 704 (9th Cir. 1989). A settlement agreement is a contract, and the legal principles which apply to contracts generally apply to settlement contracts. *Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th 793, 810–11 (1998). "[T]he court should enforce an agreement if it appears the parties intended to enter into a contract and the outlines of the agreement are sufficiently definite that the court knows what is to be enforced." *Inamed*

---

Dkt. No. 106.

[3] The EDTX's claim construction order rejected plaintiff's single actor related claims and held that the claim in suit required joint infringement. Dkt. No. 66 at 14. Plaintiff Diem subsequently amended its infringement contentions to disclose a joint infringement theory.

*Corp. v. Kuzmak*, 275 F. Supp. 2d 1100, 1120–21 (C.D. Cal. 2002), aff'd, 64 F. App'x 241 (Fed. Cir. 2003).

The Court first turns to the text of the Settlement Agreement. Dkt. No. 120, Exhibit 2. Section 2.2 of the Settlement Agreement states that: "'Joint Infringement Is Included' means that Diem included a joint infringement theory in its original infringement contentions served on July 11, 2017, and Diem did not disclaim or waive that joint infringement theory at anytime thereafter." *Id*. The Settlement Agreement continues:

> **2.3 MSJ Denied; Joint Infringement Included.** If the MSJ is denied and the Court rules that Joint Infringement is Included, then BigCommerce will pay Diem the sum of $30,000.00 (the "**Payment**"). Diem will provide BigCommerce wire instructions within 90 days following the denial of the MSJ. BigCommerce will wire the Payment in accordance with Diem's instructions within ten (10) business days of receiving those instructions (the "**Payment Protocol**").
>
> **2.4 Subsequent Motion**. If the ruling on the MSJ does not address whether Joint Infringement is Included, then BigCommerce will file a motion to address the same issue, as described in the paragraph above, with the Court (a "**Subsequent Motion**") and Diem will not argue that BigCommerce was not diligent in filing the Subsequent Motion or advance any other procedural objection to the Subsequent Motion.
>
> **2.5 Subsequent Motion Denied**. If a Subsequent Motion is denied, then Diem will provide BigCommerce wire instructions within 90 days following the ruling and BigCommerce will pay Diem the Payment in accordance with the Payment Protocol.
>
> **2.6 Any Other Outcome**. If any other outcome occurs, then Diem agrees to the following (collectively, a "**BC-Favorable Resolution**"): **(i)** Diem will walk away and will not appeal or object to any order(s), **(ii)** the parties will allow the Court to determine the prevailing party and enter a final judgment, and **(iii)** if the case is not otherwise disposed, the parties will move to dismiss the action with prejudice (with clear language that BigCommerce did not pay Diem to settle this action).

*Id*.

Defendant argues that Diem's original infringement contentions did not track the elements of joint infringement, either verbatim or in concept, and that Diem identified BigCommerce's "StoreFront Manager Service" as the accused device under a single-actor theory of liability. Dkt. No. 120 at 4. Defendant notes that in August of 2017 it twice sought clarification concerning Diem's

3

original infringement contentions. *See* Dkt. No. 120, Exhibits 5-6. Defendant presents an August 14, 2017 email allegedly memorializing the parties' conversation after a meet and confer. Dkt. No. 120, Exhibit 6. There, defendant writes: "Based on today's conference, we understand that Diem is asserting a single actor theory of infringement- not a joint infringement theory." *Id*. The next day, on August 15, 2017, counsel for defendant asks: "Can you kindly confirm today that you are pursuing a single actor theory?" Plaintiff Diem responds, "Yes, Diem is pursuing a single-actor theory of infringement." Dkt. No. 120, Exhibit 5.

Plaintiff Diem argues that the emails were separate emails threads sent to different counsel, and that under the parties' settlement agreement defendant has an obligation to dismiss the litigation and pay Diem a lump sum of $30,000. Dkt. No. 121. Plaintiff notes that following claim construction, the parties agreed the only avenue by which to proceed would be under a theory of joint infringement. Accordingly, plaintiff amended its infringement contentions to "clarif[y] that Diem's lone remaining infringement theory was one of joint infringement and that one of its previous theories of infringement – single actor infringement—was no longer being asserted." *Id*. at 4. Plaintiff argues the language of its original infringement contentions require action by a third party. *Id*.

The Court finds plaintiff's arguments unconvincing in light of the record before it and arguments presented at the hearing. Plaintiff's counsel, in emails dated one month after the original infringement contentions were served in July 2017, stated that plaintiff was pursuing a single-actor theory of infringement. Based on those representations, defendant states that it did not pursue further action. Dkt. No. 120 at 6. ("Based on this representation, BigCommerce elected not to pursue a motion to strike Diem's original contentions.").

In addition, an analysis of plaintiff's original infringement contentions demonstrates that plaintiff did not assert a theory of joint infringement. The Federal Circuit in *Akamai* explained joint

4

infringement as related to but distinct from direct infringement and laid out a test for joint infringement:

> "Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity. *See BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379-81 (Fed. Cir. 2007). Where more than one actor is involved in practicing the steps, a court must determine whether the acts of one are attributable to the other such that a single entity is responsible for the infringement. We will hold an entity responsible for others' performance of method steps in two sets of circumstances: **(1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise.**"

*Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (emphasis added). The court explains that "[l]iability under § 271(a) can also be found when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." *Id.* at 1023.

Plaintiff's original patent infringement contentions do not raise a theory of joint liability. The contentions do not assert that one entity controlled another entity's performance or that multiple entities formed a joint enterprise resulting in infringing behavior. *See Akamai* at 1022 (Fed. Cir. 2015) (outlining the two circumstances for joint liability). The contentions do not mention a third entity that allegedly contributed to infringement, nor do the contentions explicitly mention "joint liability." On the contrary, Diem's contentions support a theory of direct liability whereby a plaintiff must show "all steps of a claimed method are performed by or attributable to a single entity." *See id*. Diem states, "[t]he claim charts below indicate that each element of the asserted claims is believed to be literally present in the Accused Instrumentalities [BigCommerce's Storefront Manager Service available to the public at www.bigcommerce.com]." Dkt. No. 120-3 at 2. In response to Patent Rule 3-1(a), which requires identification of "[e]ach claim of each patent that is allegedly infringed by each opposing party," Diem states, "[i]n the claim charts below, Diem has identified claims of the patent in suit that are infringed by BigCommerce." *Id*. at 1. These statements

suggest that plaintiff was pursuing a theory of direct infringement naming BigCommerce as the sole infringing party.

Furthermore, Diem's claim chart cites each element of the asserted claims and alleges that "each element of the asserted claims is believed to be literally present" in BigCommerce's product. Dkt. No. 120-3 at 2. No third party is mentioned. The Court finds that plaintiff did not disclose a theory of joint liability in its original infringement contentions and GRANTS defendant's motion.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to enforce the settlement, and DENIES plaintiff's motion. This action is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**.

Dated: January 17, 2019

SUSAN ILLSTON
United States District Judge