UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEM LLC,<br><br>        Plaintiff,<br><br>      v.<br><br>BIGCOMMERCE, INC.,<br><br>        Defendant. | Case No. 18-cv-05978-SI<br><br>**ORDER DENYING DEFENDANT BIG COMMERCE'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 126 |

Defendant BigCommerce, Inc.'s ("BigCommerce") motion for attorneys' fees is scheduled for a hearing on March 8, 2019. Pursuant to Civil Local Rule 7-1(b), the Court determines this matter is suitable for resolution without oral argument and VACATES the hearing. Having considered the arguments made, the papers submitted, and for good cause shown, the Court DENIES defendant's motion.

**BACKGROUND**

Plaintiff Diem LLC ("Diem") is a Delaware company with its principal place of business in Dover, Delaware. Dkt. No. 1. Defendant Big Commerce is a Texas corporation with its principal place of business in Austin, Texas. *Id*. The parties commenced litigation in the Eastern District of Texas on March 27, 2017.[1] *Id*. Plaintiff claimed defendant infringed its U.S. Patent No. 7,770,122 (the '122 Patent), entitled "Codeless Dynamic Websites Including General Facilities." *Id*.

The parties entered into a settlement agreement on March 27, 2018, through which the parties selected the disposition of defendant's then still-pending summary judgment motion as the determinative event. The parties stipulated that if the court's ruling stated plaintiff Diem had

---

[1] The case was transferred to the Northern District of California on September 28, 2018.

disclosed a theory of joint infringement in its original July 11, 2017 infringement contentions, defendant BigCommerce would pay Diem a lump sum of $30,000. Dkt. No. 120.2. If the court ruled plaintiff had not disclosed a theory of joint infringement, no payment would occur. The Eastern District of Texas denied defendant's motion for summary judgment as moot on May 3, 2017. Dkt. No. 74. The court did not address whether Diem had disclosed joint infringement in its original infringement contentions, noting that "[w]hether or not Diem initially disclosed such a theory or limited its case to a single- actors theory is mooted by the service of amended contentions and the parties' immediate knowledge that this case must proceed on a theory of joint infringement after the Court's claim construction ruling." *Id*. at 2.[2] As a result, the parties asked this Court to interpret and enforce the settlement agreement. The Court's January 19, 2019 order found that plaintiff had not disclosed a theory of joint liability in its original infringement contentions and granted defendant's motion to enforce the settlement. Dkt. No. 125. Because of the Court's findings, pursuant to the settlement agreement, defendant did not have to pay Diem $30,000.

Defendant now moves for attorneys' fees pursuant to 35 U.S.C. § 285 which states: "The court in exceptional cases may award reasonable attorneys fees to the prevailing party." Defendant argues that (1) due to the alleged material alteration of the parties' relationship arising from this Court's order enforcing the settlement agreement and (2) because of the alleged unreasonable manner in which plaintiff litigated, BigCommerce is entitled to fees. Plaintiff Diem opposes this motion, arguing that defendant is not the prevailing party and the case is not exceptional.

**LEGAL STANDARD**

To invoke 35 U.S.C. § 285, the moving party must establish they are (1) the prevailing party and (2) the matter is an "exceptional case."

To qualify as the "prevailing party," a party need not prevail at trial. Rather, obtaining relief on the merits or an order materially changing the relationship of the parties suffices. *CRST Van*

---

[2] The EDTX's claim construction order rejected plaintiff's single actor related claims and held that the claim in suit required joint infringement. Dkt. No. 66 at 14. Plaintiff Diem subsequently amended its infringement contentions to disclose a joint infringement theory.

2

*Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1651, 194 L. Ed. 2d 707 (2016) (holding a favorable judgment on the merits is not necessary for a defendant to be deemed a prevailing party for purposes of fee-shifting.); *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1308, (Fed. Cir. April 18, 2018) (concluding "the district court did not err in finding Appellees are 'prevailing parties' for the purposes of § 285" where plaintiff's complaint was dismissed with prejudice for lack of standing); *Max Sound Corp. v. Google, Inc.*, 2017 U.S. Dist. LEXIS 168541, *17-18, (N.D. Cal. September 25, 2017) (Parties did not dispute that defendants were prevailing party where court granted defendants' motion to dismiss and did not allow plaintiff to file an amended complaint).

As the statutory language of 35 U.S.C. § 285 suggests, the award of attorneys' fees is discretionary, and a district court may decide not to award fees even in an exceptional case. *Modine Mfg. Co. v. Allen Group, Inc.*, 917 F.2d 538, 543 (Fed. Cir. 1990) ("The decision whether or not to award fees is still committed to the discretion of the trial judge, and 'even an exceptional case does not require in all circumstances the award of attorney fees.'"). Congress' policy objective in enacting § 285 was two-fold: (1) to provide a deterrent to frivolous or unnecessary patent litigation, and (2) to serve a compensatory purpose for parties injured by such litigation. *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1372-73 (Fed. Cir. 2012) (internal citations omitted) ("Section 285 was enacted to address a patent-specific policy rationale, awarding fees in exceptional cases in which sanctions were necessary to deter the improper bringing of clearly unwarranted suits. The purpose of the statute has been described by this court as compensation to the prevailing party for its monetary outlays in the prosecution or defense of the suit."); *Mathis v. Spears*, 857 F.2d 749, 758 (Fed. Cir. 1988)(internal quotations omitted) ("Congress authorized awards of attorney fees to prevailing defendants to enable the court to prevent a *gross injustice* to an alleged infringer.") (emphasis in original).

**DISCUSSION**

In the matter at bar, there is no prevailing party because the parties executed a settlement agreement ("Settlement Agreement"). In the Settlement Agreement the parties agreed that "[if] the MSJ is denied and the Court rules that Joint Infringement is Included, then BigCommerce will pay

3

Diem the sum of $30,000 … If the ruling on the MSJ does not address whether Joint Infringement is Included, then BigCommerce will file a motion to address the same issue … If a Subsequent Motion is denied then" BigCommerce will pay Diem $30,000. Dkt. 120.2. In the event of another outcome – for example, if a subsequent motion is granted, which is exactly what happened – the Settlement Agreement states "the parties will move to dismiss the action with prejudice (with clear language that BigCommerce did not pay Diem to settle this action)." Dkt. 120.2. BigCommerce's summary judgment motion was denied. This Court then heard the parties' subsequent motion on the joint infringement issue. While the Court granted Defendants' motion, resulting in BigCommerce not having to pay anything, this precise scenario was contemplated by the parties and accounted for in the Settlement Agreement. Thus, there is no "prevailing party." Section 8.11 of the Settlement Agreement underscores this point, stating:

> The Parties agree that the settlement reflected in this Agreement is intended solely as a compromise of disputed claims. Each Party expressly denies any liability or wrongdoing. A Party's participation in this Agreement, its agreement to any term of this Agreement, and any action taken by a Party pursuant to this Agreement: **(a)** do not constitute and may not be construed as an admission of liability or as a concession by any Party that any Claim or defense asserted by the other Party is valid; and **(b)** may not be offered or admitted in evidence in any legal proceeding between the Parties other than one to enforce rights and obligations arising out of this Agreement.

Had the parties wanted to negotiate attorneys' fees in the Settlement Agreement they could have. They did not. While BigCommerce correctly notes that success on the merits is not necessary to be a "prevailing party," *settlement* precludes such a finding. *Exigent Tech. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1312, (Fed. Cir. 2006) (Court vacated award, finding "[a]n award of fees and costs was not proper unless Atrana was a prevailing party. Atrana cannot be a prevailing party if the case was resolved by settlement." (citations omitted)). BigCommerce argues the Supreme Court has explicitly held settlement does not bar recovery of attorneys' fees, citing *Maher v. Gagne*, 448 U.S. 122 (1980). But in that case, the Court was assessing §1988 claims.

Because BigCommerce is not the prevailing party, the Court need not reach whether the case is exceptional.[3]

---

[3] This case does not strike the Court as exceptional. BigCommerce argues Diem's arguments are so without merit they are fantastical. Dkt. No. 129 at 3. But plaintiff survived a motion for

4

**CONCLUSION**

For the forgoing reasons and for good cause shown, the Court hereby DENIES BigCommerce's request for attorneys' fees pursuant to 35 U.S.C. § 285.

**IT IS SO ORDERED**.

Dated: March 1, 2019

SUSAN ILLSTON
United States District Judge

---

summary judgment Dkt. at 74. BigCommerce also argues Diem utilized underhanded, and costly, tactics forcing BigCommerce to review, isolate, produce, and house code that allegedly Diem never intended to review. Dkt. No. 126 at 7-9. But the local rules in the Eastern District of Texas required BigCommerce to produce code. Dkt. No. 128 at 12. BigCommerce expounds on the strength of its case versus the weakness of Diem's case, Dkt. No. 126 at 4-7, Dkt. No. 129 at 2-5, but this argument is undercut by the fact that BigCommerce chose to settle. Further, the facts at bar do not resemble instances in which courts have found exceptional circumstances. *Raniere v. Microsoft Corp*., 887 F.3d 1298, 1301 (Fed. Cir. April 18, 2018) (exceptional circumstances found where plaintiff's "conduct throughout this litigation, culminating in his untruthful testimony at the hearing on the motion to dismiss, demonstrates a pattern of obfuscation and bad faith."); *See also*, *Shipping & Transit, LLC v. Hall Enters*., 2017 U.S. Dist. LEXIS 109122, *20-21 (C.D. Cal. July 5, 2017) (exceptional circumstances found where plaintiff was a chronic litigant – filing nearly 500 patent lawsuits and "repeatedly dismissed its own lawsuits to evade a ruling on the merits" and therefore fees.).