UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEM LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>BIGCOMMERCE, INC.,<br><br>    Defendant. | Case No. 18-cv-05978-SI<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 132 |

Defendant BigCommerce filed a motion for leave to file a motion for reconsideration after the Court denied BigCommerce's fee motion. Dkt. No. 132. Defendant BigCommerce does not present any new arguments, cases, or facts. Rather, BigCommerce argues the Court "manifestly failed" to construe precedent when it found BigCommerce was not the prevailing party. *Id*.

Defendant BigCommerce's motion is denied. The change in legal relationship occurred because the parties voluntarily entered into a settlement agreement ("Settlement Agreement"). One of the many terms of the Settlement Agreement required the Court to decide a narrow issue, which it did. The Settlement Agreement set forth two different scenarios depending on the Court's ruling but dismissing all claims with prejudice regardless of the outcome. The Settlement Agreement was not *approved* by the Court, rather it was effective upon the parties' mutual execution. BigCommerce points to *CRST Van Expedited, Inc. v. EEOC* and declares that, based on that holding, BigCommerce must be the prevailing party. In *CRST*, the Supreme Court stated:

> The defendant, of course, might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations. The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason…. A plaintiff's claim may be frivolous, unreasonable, or groundless if the claim is barred by state sovereign immunity, or is moot … In cases like these, significant attorney time and expenditure may have gone into contesting the claim.

> Congress could not have intended to bar defendants from obtaining attorney's fees in these cases on the basis that, although the litigation was resolved in their favor, they were nonetheless not prevailing parties.

*CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1651 (2016) (internal citations omitted). In the case at bar, the result was negotiated and bargained for; the litigation was not resolved in anyone's favor. The agreement reached by the parties called for a mechanical process whereby the Court had to decide a narrow issue for the Settlement Agreement to proceed down path A (paying plaintiff $30,000) or path B (not paying plaintiff $30,000). The Court's order enforcing the Settlement Agreement was contemplated and indeed required by the Settlement Agreement itself. The Settlement Agreement required the Court's involvement not to approve or otherwise provide "judicial imprimatur," but to decide a narrow question stipulated to by the parties. Thus, the Settlement Agreement was not incorporated by a judicial decree and BigCommerce cannot be the prevailing party. *Exigent Tech. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1312, (Fed. Cir. 2006) ("Atrana cannot be a prevailing party if the case was resolved by settlement (not incorporated by judicial decree) prior to any relief on the merits.").

BigCommerce also points to *Maher v. Gagne* arguing that the Court there held that defendants are entitled to fees even in the event of settlement. But in that case,

> a settlement was negotiated and the District Court entered a consent decree that, among other things, provided for a substantial increase in the standard allowances and gave AFDC recipients the right to prove that their actual work-related expenses were in excess of the standard. The parties informally agreed that the question whether respondent was entitled to recover attorney's fees would be submitted to the District Court after the entry of the consent decree.

*Maher v. Gagne*, 448 U.S. 122, 126, (1980). The district court in *Maher* reached into the settlement agreement, modified it, and then ordered the provisions in the consent decree – amounting to a "judicial imprimatur." *See CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1646 (2016) ("The Court has said that the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties. This change must be marked by "judicial *imprimatur*."" (citations omitted). No such facts are present with respect to the case at bar.

Further, the Court noted in its March 1, 2019 order that BigCommerce's motion could be denied on the alternative ground that there are no exceptional circumstances to qualify for fees pursuant to 35 U.S.C. § 285. Thus, even if BigCommerce could be construed as the prevailing party,

BigCommerce's motion fails for lack of exceptional circumstances.

No reconsideration is necessary.

**IT IS SO ORDERED**.

Dated: March 5, 2019

_____
SUSAN ILLSTON
United States District Judge